UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CLIFTON CURTIS ,<br>             Defendant. | Criminal No. 05-243M-02<br><br>**FILED**<br>MAY 0 4 2005<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

### DETENTION MEMORANDUM

The Defendant, Clifton Curtis, has been charged in a criminal complaint with unlawful, knowing, and intentional distribution of a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, violation of 21 U.S.C. § 841(a)(1). The government requested a detention hearing, which was held on May 4, 2005. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, Special Agent Timothy Ervin with the FBI Drug Squad testified for

the government. The officer testified that on March 1, 2005, a cooperating individual placed a phone call to the Defendant and arranged for the purchase of cocaine. Later that day, per the Defendant's instruction, co-conspirator Dwight Mabry met the cooperating individual on the corner of Pennsylvania Avenue and Alabama Avenue, S.E., in the District of Columbia. The cooperating individual gave the Defendant $1,500 in exchange for 62 grams of cocaine.

Again on March 25, 2005, the Defendant was contacted by a cooperating individual and a purchase of cocaine was arranged. Following the Defendant's instruction, Mr. Mabry sold to the cooperating individual 62 grams of cocaine in exchange for $1,500 at the corner of Massachusetts Avenue and Southern Avenue, S.E. in the District of Columbia.

On April 28, 2005, a search warrant was executed at the Defendant's place of work at 5750 Silver Hill Road in District Heights Maryland. During that search, the police recovered 3 kilograms of powder cocaine. The Defendant was arrested at the scene.

## Discussion

Having heard the testimony at the May 4, 2005 hearing, the Court found that there is probable cause to believe that the Defendant committed offenses in violation of 21 U.S.C. § 841(a)(1). When, as here, the Court finds that there is probable cause to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community, he should not be released pending trial.

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. See 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant facilitated the sale of 120 grams of crack cocaine, and the police recovered 3 kilograms of cocaine from the Defendant's work location. The amount of drugs involved strongly indicate drug distribution. Thus, the charges are most serious.

The second factor, the weight of the evidence, also favors detention. The police have audio recordings of the Defendant speaking with the cooperating individual and arranging the sale of the cocaine. Additionally, the police recovered the drugs from the Defendant's work location.

The third factor, the history and characteristics of the Defendant, does not support pretrial

detention. The Defendant does not have any Bail Reform Act or escape convictions. He has a prior misdemeanor drug offense roughly ten years ago. This factor does not support pretrial detention.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, favors detention. The Defendant's current charge before this Court involves narcotics. This clearly demonstrates that he is a substantial danger to the community. The persistent problem of drug trafficking reported on consistently by the news media bears graphic witness to the fact that narcotics trafficking is an offense that tears the very fabric of our community. The nature and seriousness of the danger to the community can hardly be overstated.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.

Dated: May 4, 2005

ALAN KAY
UNITED STATES MAGISTRATE JUDGE