UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v.  : | **Criminal No.  05-202-01 (JR)** |
| : | |
| **CLIFTON CURTIS** : | |
| **Defendant.** : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION ORDER

*COMES NOW*, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to oppose defendant's motion for reconsideration of defendant's detention status, essentially seeking to overturn U.S. Magistrate Judge Alan Kay's detention order. In support of our opposition, we respectfully state as follows:

**Facts**

On March 1, 2005, a cooperating witness, hereinafter "CW", made several consensually monitored telephone calls to a cellular telephone utilized by the defendant, Clifton Curtis.  During these consensually monitored telephone calls the CW and defendant Curtis made arrangements for the sale of 62 grams of cocaine base for $1,500.00.  Defendant Curtis instructed the CW to meet co-defendant Dwight Mabry at the Exxon gas station located at Pennsylvania and Alabama Avenues, SE, for the sole purpose of completing the narcotics transaction. CW wore a recording device during the transaction which took place inside of co-defendant Mabry's van. The transaction was completed when co-defendant Mabry gave CW approximately 62 grams of cocaine base in exchange for $1,500 from the CW.   After the transaction, defendant Mabry eventually went to Two Man Gear  Shop, hereinafter "TMGS", which is a clothing store owned by defendant Curtis.

On March 25, 2005, the same CW made several consensually monitored telephone calls to a cellular telephone utilized by the defendant Curtis. During these consensually monitored telephone calls the CW and defendant Curtis made arrangements for the sale of another 62 grams of crack cocaine for $1,500. Defendant Curtis drove his vehicle to the intersection of Massachusetts and Southern Avenues, SE, where the transaction was completed when defendant Curtis gave CW approximately 62 grams of cocaine base in exchange for $1,500 from the CW.

On April 28, 2005, both defendants were arrested. Defendant Curtis, after waiving his rights, admitted his participation in the above described narcotics transactions of cocaine base to the CW. Defendant Curtis gave an extensive statement to law enforcement officers, in which he admitted trafficking cocaine base over the last eighteen months. Additionally, upon his arrest approximately three kilograms of cocaine powder were found inside of TMGS clothing store, owned by defendant Curtis and located in Maryland.

The grand jury issued an indictment charging the defendant with Conspiracy to Distribute and Possess With Intent to Distribute 50 Grams or More of Cocaine Base[1], and two counts of Unlawful Distribution of 50 Grams or More of Cocaine Base[2].

**Argument**

In support of the Magistrate's detention order, we wish to point out several salient reasons why the defendant should not be released. First, by reason of the grand jury's decision to charge defendant, *inter alia*, with participation in a narcotic conspiracy and another individual in distributions of cocaine base, the law establishes a presumption that defendant should be detained

---

[1] 21 U.S.C. § 846.

[2] 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii).

pending trial as a danger to the community. That presumption having been established, it is upon defendant to rebut that presumption. We submit that nothing in his motion for release overcomes that presumption. Second, although the defendant lacks an extensive criminal record, the nature of his participation in the conspiracy, confirms the wisdom of the presumption.

Equally important, releasing this defendant places the community at risk. This defendant was involved in the distribution of large quantities of drugs in the District of Columbia and the surrounding area. When defendant Curtis was arrested on April 28, 2005, on a search warrant executed in Maryland at Two Man Gear Shop, approximately 3 kilograms of cocaine powder were seized. The devastation suffered by this community because of the vast quantities of drugs cannot be overstated and it supports the statutory presumption that defendant will be a danger to the community if released. Defendant has put forward little or nothing new to overcome that presumption. From defendant's motion, there is no basis for this Court to conclude that the Magistrate erred in his detention order, and this Court should uphold that decision.

**WHEREFORE**, for the foregoing reasons, the United States respectfully requests that this Court deny defendant's motion for release.

                                                Respectfully submitted,

                                                KENNETH L. WAINSTEIN
                                                United States Attorney

                                         _____/s/_____
                                         EMORY V. COLE
                                         ASSISTANT UNITED STATES ATTORNEY
                                         555 4th Street, N.W., Room 4838
                                         Washington, DC 20001
                                         (202) 616-3388

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served on counsel for the defendant, this  5 th  day of July, 2005.

                                               _____/s/_____
                                               EMORY V. COLE
                                               ASSISTANT UNITED STATES ATTORNEY